In S. v. Jarrott, 23 N.C. 76, this Court, (492) taking the law to be that insolence on the part of a slave to a white man would justify a battery, but not an excessive one, awarded avenire de novo on the ground that the instruction to the jury must be understood as having reference to the testimony, and was in that sense erroneous; and used these words: "The language of his Honor, indeed, is that `if the prisoner used the provoking language testified by the witnesses, deceased had a right to whip him.' But by the word `whip' he must necessarily be understood as meaning to `whip in the manner testified by the witnesses,' that is, with a knife and a fence rail."
In this case we think the prisoner has a right to complain of the third instruction, i. e., "If the prisoner believed, and had reason to believe, that a mere trespass only was intended, and killed to prevent suchtrespass, it would be murder"; for taking the law to be that a mere trespass to personal property does not mitigate where the killing is with a deadly *Page 316 
weapon, but that a violent trespass to the person does mitigate, this instruction must be understood as having reference to the kind of trespass spoken of by the witness, and, in that sense, is erroneous. His Honor having, in the second instruction, presented the case to the jury on the footing of the deceased, and the party to which he belonged, had properauthority to arrest the prisoner, in the instruction now under consideration, assumes that the deceased, and the party to which he belonged, were acting without proper authority, and that what they did, or intended to do, was a trespass, and must necessarily be understood as meaning the kind of trespass testified by the witnesses — that is, going to a man's house in the night-time, with a number of armed men, for the purpose of seizing his body. Killing to prevent a trespass of this nature is certainly no more than manslaughter.
It occurred to us that this error might be cured by the fifth instruction. On consideration, we are satisfied that that instruction cannot have this effect, because it is qualified and restricted by the words, "he not knowing what was to follow." On the supposition that he (493) did not know what was to follow — that is, that they intended to arrest and take him off as a deserter — the killing was mitigated, unless they had proper authority to do so, which view is not presented by this instruction, and, consequently, it does not cure the error of the third instruction. The first and second instructions assume that there was proper authority to arrest; the other instructions assume that there was not. The most important question is left undisposed of, and to that omission the want of clearness in the case is to be ascribed.
As is said in Gaither v. Ferebee, ante, 303, "His Honor has left the case to the jury in such a manner as to make it impossible for this Court to know what his opinion was on a question of law arising on the facts of the case, and, of course, making it impossible to review his decision" — unless his instructions are considered as mere abstract propositions of law, without reference to what was testified to by the witnesses.
PER CURIAM. Error.
NOTE. — Vide note to S. v. Bryan, ante, 479; S. v. Summey, post, 496.
Cited: S. v. Rogers, 166 N.C. 390. *Page 317